UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANNE AVOLETTA                          JURY TRIAL DEMANDED

v.                                                           CASE NO.  3:11CV  1126 (WWE)

BRIAN D. DANFORTH                         April 12, 2012
TOLISANO & DANFORTH LLC

## FIRST AMENDED COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff's claims herein are based on FDCPA violations in connection with defendants' efforts to collect a personal credit card account, beginning with defendants' letter of July, 2010, through the date of the filing of this complaint.

4. Plaintiff is a natural person who resides in Connecticut.

5. Plaintiff was the holder of a personal Barclays Bank credit card.

6. On or about July 28, 2010, Defendants sent a form collection letter to plaintiff seeking to collect her Barclays Bank account.

7. The letter asserted, "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Barclays Bank Delaware."

8. The notice did not comply with FDCPA §1692g(a)(3). E.g., *Macarz v Transworld Systems, Inc.,* 26 F. Supp. 2d 368 (D. Conn. 1998) (validation notice must make it sufficiently clear that any dispute must be directed to the debt collector, as opposed to the creditor).

9. The letter asserted that a copy had been sent to a third party unknown to

plaintiff.

10. The letter further stated, "If you notify me in writing within the thirty-day period that the debt, or any portion thereof, is disputed, I will obtain verification of the debt and a copy of such verification will be mailed to you by the debt collector."

11. By letter dated July 30, 2010, plaintiff sent a letter stating, inter alia, "I deny that I owe the amount of $3,057.40."

12. Defendants did not respond to that letter.

13. Despite failing to respond, on July 2, 2011, defendants served a small claims action on plaintiff in violation of §1692g(b).

14. The small claims action represented that defendants had mailed a letter to plaintiff on 6/22/2011, in an effort to comply with P.B. §24-9, which requires

> At the time of filing any writ, the plaintiff, or attorney shall verify the defendant's address. Such verification shall include confirmation by at least one of the following methods made during the six months prior to the filing of the writ:
> (1) municipal record verification (e.g., from a street list or tax records); (2) verification from the department of motor vehicles; (3) receipt of correspondence from the defendant with that return address; (4) other verification, specifically described by the plaintiff, from the defendant that the address is current; (5) the mailing by first class mail, at least four weeks prior to the filing of the small claims action, of a letter to the defendant at such address, which letter has not been returned by the United States Postal Service. The plaintiff shall state under oath in the writ which method of verification was employed within the last six months, the date of verification, and that the method confirmed the accuracy of the address.

15. The defendants had not mailed a letter to plaintiff on 6/22/2011, or at any time during the six months prior to the small claims lawsuit.

16. The defendants had no direct communication with Barclays Bank before sending the letter of July 28, 2010.

17. The defendants had no direct communication with Barclays Bank after sending the letter of July 28, 2010.

18. Defendants served an inadmissible robo-signed affidavit of one Brittany Brown with the small claims papers.

2

19. In the collection efforts, defendants violated the FDCPA, § 1692c, -e or -g.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on April 12, 2012, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137