UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANNE AVOLETTA                    :
                                   :
                                   :
v.                                 :   CIV. NO. 3:11CV1126 (WWE)
                                   :
BRIAN D. DANFORTH,                 :
TOLISANO & DANFORTH LLC            :
                                   :
                                   :

RULING ON PENDING DISCOVERY MOTIONS

Plaintiff alleges Fair Debt Collection Practices Act violations pursuant to 15 U.S.C. §1692c, e or g, in connection with defendants' efforts to collect on a personal credit card account. [Doc. #31]. Plaintiff bases her FDCPA violation on (1) a sentence in a collection letter; (2) failure to respond to plaintiff's June 30, 2010, letter; (3) commencement of a small claims action and the representation that defendants mailed a letter to plaintiff on June 22, 2011. Plaintiff is seeking $1,000 statutory damages against each defendant and attorney's fees and costs under the FDCPA. [Amend. Compl. Doc. #31].

PLAINTIFF'S MOTION TO COMPEL **[DOC. #16]**

Plaintiffs Joanne Avoletta moves to compel responses to discovery requests served September 29, 2011.

1

Boilerplate Privilege Objections

Plaintiff objects to defendants' boilerplate privilege objections, which state, "[t]his Interrogatory would have the defendants reveal information related to their representation of their client in violation of Rule 1.6 of Connecticut's Rules of Professional Conduct as well as reveal information that may be protected by attorney-client privilege and/or the work product doctrine."

Rule 1.6

Plaintiff argues, and the Court agrees, that Rule 1.6 is not intended to, and does not apply to judicial proceedings in which a lawyer may be required to produce evidence concerning a client.[1] See Conn. R. Prof. Conduct 1.6(c)(4) and this excerpt from the comment to Rule 1.6:

> The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The Rule [1.6] of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law.

---

[1] Rule 1.6 (a) states, "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by subsection (b),(c) or (d)." Rules of Professional Conduct Rule 1.6 Confidentiality of Information.

"Thus, while Rule 1.6 may be applicable to conversations with plaintiff's counsel, for example, Rule 1.6 is inapplicable to discovery requests and deposition questions." Burke v. Messerli & Kramer, P.A., Civil No. 09-1630 (ADM/AJB), 2010 WL 2520615, *2 (D. Minn. June 15, 2010) (Applying Minnesota Rule of Professional Conduct 1.6). It is undisputed here that defendants were representing Barclays Bank Delaware in an attempt to collect a debt from the plaintiff. [Doc. #19 at 4]. Defendants do not specify what subsection of Rule 1.6 applies when the law firm is hired to collect a debt, and not in the context of providing legal advice. As set forth below, the privilege does not apply where, as here, an attorney or law firm is acting as a business advisor or collection agent.

Attorney-Client Privilege/Work Product Privilege

The party asserting a privilege has the burden of establishing its applicability. See e.g. U.S. v. Mejia, 655 F.3d 126, 131 (2d Cir. To invoke the attorney-client privilege, a party must show "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007).

"[W]here the attorney acts as a . . . collection agent, . . . the communications between him and his client are not protected by the privilege." In re Edwin Shapiro, 381 F. Supp. 21, 22 (N.D. Ill.

3

1974); see <u>FTC v. Lundgren</u>, Misc. S-96-0267 EJG JFM, 1997 U.S. Dist. LEXIS 9557, * 7 (E.D. Cal. Apr. 29, 1997) (citing <u>In re Edwin Shapiro</u>). "The privilege does not protect incidental legal advice given during the course of correspondence pertaining to business and not made in response to a request made primarily for the purpose of securing legal advice.  Finally, the privilege does not immunize from disclosure the facts communicated where those facts can be learned from some source other than the privileged communication; put another way, a nonconfidential  document does not become privileged merely by its transmittal by a client to his or her attorney. " <u>Lundgren</u>,  1997 U.S. Dist. LEXIS 9557, * 7-8 (citations omitted).

Defendants do not argue that at all times they were acting as legal counsel.  Indeed, defendants' privilege log dated December 14, 2011, contains four categories of documents: the client file, paperless file, itemized costs invoice and communication logs. [Doc. #16-1].  Defendants state that the subject matter of these four categories concern the "underlying collection matter" but may also contain information either "unrelated to this case"  or contain material "concerning the lawyer's representation of the client" or "communications between the attorney and his trial counsel in the present case." <u>Id.</u>  Clearly, some of these documents relate to defendants' actions solely as a collections agent. However, no documents have been produced to plaintiff. In the privilege log,

4

defendants did not provide a general description of each communication, the purpose of each communication, the parties involved in each communication, and the specific factual and legal grounds for the assertion of the privilege or privileges.  Based on defendants' privilege log, the Court has no way to assess what parts of the documents may be protected by attorney-client privilege. Defendants did not bring the documents to oral argument for the Court's review and the privilege log does not assist the Court in making a determination.[2]  On this record, defendants have not met their burden to assert the attorney-client privilege or work product protection.  Mejia, 655 F.3d at 131.

Relevance Objection

As a preliminary matter, the Court notes that defendants filed their opposition to plaintiff's Motion to Compel before the Amended Complaint was filed. Plaintiff filed an Amended Complaint on April 12, 2012. [Doc. #31].  Defendants argue that, even if the documents are not privileged, they are not relevant.  The objections on the basis of relevance are also without merit.

---

2 The Court notes that defendants, in their brief in opposition, argue that Rule 26(e) requires that a "privilege log must contain the following information with respect to documents and electronically stored information to which protection is asserted: (1) the type; (2) general subject matter; (3) date; (4) author; (5) each recipient." Fed. R. Civ. P. 26(e); United States v. Constr. Prod. Research, 73 F.3d 464, 473 (2d Cir. 1996).  However, defendants did not provide this information in their privilege log.

> Under the Federal Rule governing discovery, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule further specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Moreover, "relevance" in this context is given a "broad" construction, and a party arguing that information sought in discovery is not relevant "bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant[.]' "

Safeco Ins. Co. of America v. Vecsey, 259 F.R.D. 23, 26 n.1 (D. Conn. 2009) (quoting Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005)).

Based on the foregoing, plaintiff's Motion to Compel is **GRANTED** as to Interrogatory Nos. 1-13.[3] Defendants will provide responses within fourteen days.

PLAINTIFF'S MOTION FOR SANCTIONS **[DOC. #19]**

The Court declines to award sanctions on this record. It is plausible that defendants' counsel contacted chambers and got permission to attend the settlement conference without a client representative. The lack of a courtesy call or e-mail to plaintiff's

---

[3] Defendants withdrew their objections to Interrogatories 1, 3, 4. Defendants will provide responses within fourteen days.

counsel notifying her of the granting of this request does not rise to sanctionable conduct on this record.   Plaintiff is not precluded from seeking costs and attorneys' fees for attending the conference at the end of the case, if she is the prevailing party.

CONCLUSION

Accordingly, plaintiff's Motion to Compel **[doc. #16]** is **GRANTED** and Motion for Sanctions **[doc. #19]** is **DENIED**.  Defendants will provide responses within fourteen days.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.   28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 30th day of July 2012.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

7